ANGELO NOTA
PETER C. MICHA
JOHN ZACCA
NADER A. ABA
BRADLEY S. COR
PETER BUCC
ALAN FEDERB
BRIAN J. DOY

ENTS
MARKS
RIGHTS

UNSEL
WOLSON

---

**APPLICATION GRANTED.**

For the reasons set forth herein, plaintiff may initiate non-party discovery pursuant to Fed. R. Civ. P. 26(d)(1).

The Clerk is instructed to terminate the letter-motion. (Doc. #7).

SO ORDERED:

*[signature]*

Vincent L. Briccetti, U.S.D.J.
June 22, 2020

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2020

---

Hon. Vin
United St
300 Quar
White Pla

Re:   RAY PADULA HOLDINGS, LLC. v. WALMART MARKETPLACE VENDOR
      Civ. Action No. 7:20-cv-4718-VLB (S.D.N.Y.)
      Letter-Motion for Leave to Take Non-Party Discovery -- [NMZ Ref. J1476-014]

Dear Judge Briccetti:

This is a letter-motion under Local Rule 7.1(d) and Fed. R. Civ. P. 26(d)(1) by plaintiff Ray Padula Holdings, LLC ("RPH") for leave to take non-party discovery of certain companies under Fed. R. Civ. P. 45, prior to any Rule 26(f) conference.

Courts in this district apply a "flexible standard of reasonableness and good cause" in determining whether to grant a party's expedited discovery request. *See, e.g., Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). RPH has good cause for pre-conference discovery from certain non-parties to discover (1) the true identity of defendant Walmart Marketplace Vendor No. 10001029424 ("Defendant"), (2) Defendant's contact information including a postal address for service of process in this case, (3) the scope and degree of Defendant's trademark infringing and counterfeiting activity, and (4) the location and status of the unlawful proceeds of said activity.

Defendant is a vendor on the Walmart Marketplace e-commerce platform. The Verified Complaint (Dkt. # 1) alleges a *prima facie* case of trademark infringement and counterfeiting against Defendant. Defendant used RPH's trademarks, contact information and other false information to establish a Walmart vendor account and list over 1,000 items for sale under the counterfeit mark RAYPADULA. This has caused a serious problem for RPH, as hundreds of angry consumers have complained to RPH concerning orders that have not been fulfilled, or if fulfilled at all, concerning the inferior quality of Defendant's goods. This has severely harmed RPH's goodwill with the public and its reputation as a reliable supplier of high-quality goods.

Because Defendant has taken steps to conceal its true identity and contact information, these are unknown at this time. As in *Digital Sin, Inc.*, RPH has no reasonable alternative to the requested subpoenas to obtain the identity of Defendant. Without granting Plaintiff's request, the Defendant cannot be identified or served, and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the third parties.

Hon. Vincent L. Briccetti
January 16, 2020
Page 2

The scope of the requested subpoenas is the full scope of discovery permitted by Rule 45, for efficiency, to preserve the data from being lost by routine deletions, and to reduce the burden on any subpoenaed third parties, so that only one set of subpoenas will likely be required in this case. If the scope is limited to discovering the Defendant's identity, excluding for example sales and remittance information, a second round of subpoenas would be required in the future.

The known non-parties likely to have relevant information are (with reference to paragraphs of the Verified Complaint):

1. Walmart Inc., or a subsidiary thereof, which operates the Walmart Marketplace e-commerce platform, (¶ 6);

2. CSC Holdings, LLC, owner of Optimum Online (Cablevision Systems), which is assigned the IP address used by Defendant to establish its Walmart vendor account, (¶ 19);

3. America Online, Inc., which provided email services used by Defendant to establish its Walmart vendor account, (¶ 20); and

4. Air-City Inc., a freight consolidator and forwarder, which fulfilled test purchases of Defendant's goods ordered from the Defendant's Walmart vendor account, (¶ 22).

Additionally, other non-parties not yet known are expected to have such information, possibly including other e-commerce platform owners, Internet service providers, suppliers, shippers, freight forwarders and consolidators, financial institutions and service providers, and co-tortfeasors working in cooperation with Defendant.

Plaintiff and counsel undertake to use any information received in response to the subpoenas solely for the purpose of this litigation. This case involves mere commercial activity and it is not believed that a further protective order is required at this time.

For the foregoing reasons, RPH respectfully requests an order granting leave to take non-party discovery, as described. If necessary, the undersigned counsel for RPH is available to discuss by telephone at 845 207-8387 (direct).

Respectfully submitted,

*s/ Bradley Corsello*

Bradley Corsello