USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAY PADULA HOLDINGS, LLC, | ) )  Civ. Action No. 7:20-cv-4718-VB |
| Plaintiff, | ) ) |
| v. | )   AS TO LIABILITY ONLY )   DEFAULT JUDGMENT [~~PROPOSED~~] |
| WALMART MARKETPLACE VENDOR NO. 10001029424, | ) ) ) |
| Defendant. | ) ) |

This matter comes before the Court upon the application of Plaintiff Ray Padula Holdings, LLC ("RPH" or "Plaintiff") for entry of a default judgment as to liability and a permanent injunction, against the sole defendant Walmart Marketplace Vendor No. 10001029424 ("Defendant").

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment as to liability is granted to Plaintiff as to all claims asserted in the Verified Complaint (Dkt. # 1).

2. Defendant, its officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order, are permanently enjoined and restrained from:

A)   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in products bearing the RAY PADULA Trademarks (as defined in the Verified Complaint) and/or marks that are confusingly similar thereto;

B)   counterfeiting the RAY PADULA Trademarks;

C)   directly or indirectly infringing in any manner any the RAY PADULA Trademarks;

D)   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association with Plaintiff of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant;

E)   using the name, address, contact information, employee identification number, or other identifier of Plaintiff or any other person or persons, without consent, for the purpose of committing fraud or identity theft;

F)   knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in the proceeding paragraphs.

3. An inquest shall be conducted to determine the amount of damages, attorneys' fees and costs to be awarded to Plaintiff. Plaintiff may conduct discovery with respect to Defendant, Defendant's officers and employees, and third parties having knowledge of relevant facts and information and this Court retains jurisdiction over matters involving such discovery.

4. Service by __9/25__, 2020, of a copy of this Default Judgment by delivery of PDF copies to the email address "reinaldodvaldesmorfa@aol.com," per the Order of the Court permitting alternative service (Dkt. # 15), shall be deemed good and sufficient service thereof.

SO ORDERED this __18th__ day of __September__, 2020 at White Plains, New York.

By: _____
Honorable Vincent L. Briccetti
United States District Judge